1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY L. HILL, | **Case No.  1:15-cv-00631-JLT (PC)** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*** |
| v. | |
| CDCR, et al., | **(Doc. 2)** |
| Defendants. | **30-DAY DEADLINE** |

Plaintiff, Tony L. Hill, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint in this action on April 21. 2015.   On that same date, Plaintiff filed an application to proceed in forma pauperis, which is pending before the Court.

**A. <u>THREE-STRIKES PROVISION OF 28 U.S.C. § 1915</u>**

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**B. <u>DISCUSSION</u>**

The Court may take judicial notice of court records.  *United States v. Howard*, 381 F.3d

1

1  873, 876 n.1 (9th Cir. 2004).  Here, judicial notice is taken of *Hill v. White, et al.,* Case Number

2  1:13-cv-01275-AWI-DLB (PC).  In that action, an order issued denying Plaintiff's application to

3  proceed *in forma pauperis* as Plaintiff had four strikes[1] under section 1915(g) prior to its filing

4  and finding that Plaintiff had not shown that he was in imminent danger of serious physical injury

5  at the time he filed suit which precluded him from proceeding *in forma pauperis*.  Thus, Plaintiff

6  is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this

7  action unless at the time the Complaint was filed, he was under imminent danger of serious

8  physical injury.

9          The Court has reviewed Plaintiff's Complaint and finds that he does not meet the

10  imminent danger exception.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

11  Plaintiff's Complaint arises from an alleged false rules violation report that was filed against him

12  at Wasco State Prison in April of 2013 which was dismissed.  Subsequently, Plaintiff alleges a

13  series of events by the Defendants involved in that false RVR and adverse events that occurred

14  after he was transferred to the Secured Housing Unit at Corcoran State Prison.  Plaintiff alleges

15  events that range from tampering of his inmate appeals (Doc. 1, pp. 5-6), to being denied access

16  to the canteen and store (*id.*, at p. 7); being given food trays with flies on them (*id.*); having his

17  cell door repeatedly banged on by a correctional officer (*id.*); having $40 that his brother sent to

18  him stolen (*id.*, at 7-8); being held at a Level IV prison when he should be at a Level III prison

19  (*id.*, at pp. 7, 9); being denied access to the law library so he couldn't electronically file a

20  complaint (*id.*, at p. 11); notices not being posted as to when the law library would be closed (*id.*,

21  at pp. 12-13); and having his inmate appeals wrongly handled/denied (*id.*, at p. 14).  None of

22  these allegations even suggest Plaintiff is at risk of imminent danger at the time he filed the

23  Complaint.

24          Plaintiff therefore fails to allege specific facts in the Complaint indicating that he was

25

26  [1]The Court takes judicial notice of the following cases which count as strikes: 1) Hill v. Williams, et al., 2:98-cv-
    07173-LGB-CT (C.D. Cal.) (dismissed September 15, 1998 for failure to state a claim); 2) Hill v. Wallace, et al.,
27  2:99-cv-06406-ABC-CT (C.D. Cal.) (dismissed July 7, 1999 for failure to state a claim); (3) Hill v. Torrance Police
    Dept., et al., 2:11-cv-08794-UA-CW (C.D. Cal.) (dismissed July 20, 2012 for failure to state a claim); and (4) Hill v.
28  Horton, et al., 2:13-cv-00805-UA-CW (C.D. Cal.) (dismissed February 28, 2013 for failure to state a claim).

1   under imminent danger at the time he filed the Complaint. Based on the foregoing, the Court

2   finds that Plaintiff fails to allege an imminent danger of serious physical injury necessary to

3   bypass § 1915(g)'s restriction on filing suit without prepayment of the filing fee.

4        Accordingly, Plaintiff may not proceed *in forma pauperis* in this action and must submit

5   the appropriate filing fee in order to proceed with this action.

6   **C. CONCLUSION and RECOMMENDATION**

7        Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to

8   proceed *in forma pauperis*, filed April 21. 2015 (Doc. 2), be denied and that Plaintiff be ordered

9   to pay the filing fee in full.

10       These Findings and Recommendations will be submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30**

12  **days** after being served with these Findings and Recommendations, Plaintiff may file written

13  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

14  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

15  specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

16  839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

17
18  IT IS SO ORDERED.

19     Dated:   **April 29, 2015**                    **/s/ Jennifer L. Thurston**
20                                             UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

3