# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY L. HILL,<br><br>    Plaintiff,<br><br>  v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00631-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Docs. 2, 3)** |

  Plaintiff, Tony L. Hill, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On April 29, 2015, the Magistrate Judge issued a Findings and Recommendations ("the F&R") to deny Plaintiff's motion to proceed in forma pauperis in this action, finding that he was barred under 28 U.S.C. §1915(g) since Plaintiff had four strikes prior to the filing of this action and that Plaintiff failed to show that he was in imminent danger of serious physical injury at the time he filed suit. (Doc. 3.) This was served on Plaintiff and contained notice that objections to the F&R were due within thirty days. (*Id.*) Plaintiff filed objections. (Doc. 4.)

  As was accurately stated in the F&R, prisoners may not bring a civil action under 28 U.S.C. §1915(g) if he or she has, on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Such dismissals are colloquially referred to as "strikes." As also accurately

1

noted in the F&R, Plaintiff had four strikes[1] under section 1915(g) prior to filing this action. Thus, Plaintiff may only proceed under section 1915(g) if he meets the imminent danger of serious physical injury exception at the time he filed the Complaint.

The Ninth Circuit has stated that "requiring a prisoner to 'allege [ ] an ongoing danger' . . . is the most sensible way to interpret the imminency requirement." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir.2007), citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.2003). *Andrews* held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing. *See Andrews* at 1053.

As found in the F&R, Plaintiff failed to show that he was in imminent danger at the time he filed the Complaint in his allegations -- false rules violation report having his inmate appeals tampered with (Doc. 1, pp. 5-6), being denied access to the canteen and store (Doc. 1, at p. 7); being given food trays with flies on them (*id.*); having his cell door repeatedly banged on by a correctional officer (*id.*); having $40 that his brother sent to him stolen (*id.*, at 7-8); being held at a Level IV prison when he should be at a Level III prison (*id.*, at pp. 7, 9); being denied access to the law library so he couldn't electronically file a complaint (*id.*, at p. 11); notices not being posted as to when the law library would be closed (*id.*, at pp. 12-13); and having his inmate appeals wrongly handled/denied (*id.*, at p. 14). None of these allegations amount to Plaintiff being under an imminent danger at the time he filed the Complaint.

Plaintiff argues in his objections that Warden Katavich had Correctional Officers Bienvenides and Reyes "try to kill plaintiff by injecting poison into an apple which Plaintiff bit into and almost died." (Doc. 4, 2:16-19.) In the Complaint, Plaintiff does allege that he bit into an apple that Correctional Officer Bienvenides gave him which he noticed had a small dark spot on it and that he almost died, but that "God healed" him and "took death away" from him and that

---

[1] *See Hill v. White, et al., Case Number 1:13-cv-01275-AWI-DLB (PC); Hill v. Williams, et al*., 2:98-cv-07173-LGB-CT (C.D. Cal.) (dismissed September 15, 1998 for failure to state a claim); *Hill v. Wallace, et al*., 2:99-cv-06406-ABC-CT (C.D. Cal.) (dismissed July 7, 1999 for failure to state a claim; *Hill v. Torrance Police Dept., et al*., 2:11-cv-08794-UA-CW (C.D. Cal.) (dismissed July 20, 2012 for failure to state a claim); and *Hill v. Horton, et al*., 2:13-cv-00805-UA-CW (C.D. Cal.) (dismissed February 28, 2013 for failure to state a claim).

a lieutenant brought three other officers to the building that evening to watch him to see if the poisoned apple would kill him. (Doc. 1, p. 6.) On that same page, Plaintiff alleges four days later, Correctional Officer Reyes gave him an apple with a small dark spot on it and he knew it had been injected with poison too. (*Id.*) However, the fact that Plaintiff believed he was poisoned because the apple he bit into had a spot on it, and that God healed him apparently without any effort by medical staff to cure him, relies at the very most only on a sheer possibility that these correctional officers acted unlawfully and need not be accepted since not facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556, 557, 570 (2007). Further, for arguments sake only, even if these allegations against Officers Bienvenides and Reyes showed imminent danger, they are not related to any of Plaintiff's other allegations upon which to allow him to proceed *in forma pauperis* in this action. *See* Fed.R.Civ.P. 18.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the F&R to be supported by the record and by proper analysis. Plaintiff does not satisfy the imminent danger exception to section 1915(g). *See Andrews*, 493 F.3d at 1055-56. Thus, Plaintiff's motion to be granted *in forma pauperis* status is denied and he must submit the appropriate filing fee in order to proceed with this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The Finding and Recommendation, filed April 29, 2015 (Doc. 3), is adopted in full;
2. Plaintiff's motion to proceed *in forma pauperis* in this action, filed on April 21, 2015 (Doc. 2), is denied;
3. Within thirty days from the date of service of this order, Plaintiff is required to pay the $400.00 filing fee for this action in full; and

/ / /

/ / /

/ /

4. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **July 6, 2015**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE