1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY HILL, | **Case No.  1:15-cv-00631-LJO-JLT (PC)** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS THE ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER and TO DENY PLAINTIFF'S REQUESTS FOR INJUNCTIVE RELIEF VIA TRANSFER TO ANOTHER FACILITY** |
| v. | |
| KATAVICH, et al., | |
| Defendants. | |
| | **(Docs. 3, 8-11)** |
| | **30-DAY DEADLINE** |

Plaintiff filed the Complaint in this action on April 21, 2015.  On that same date, he filed an application to proceed *in forma pauperis*.  (Doc. 2.)  On April 29, 2015, a Findings and Recommendation issued to deny Plaintiff's application to proceed *in forma pauperis*.  (Doc. 3.) Plaintiff filed objections.  (Doc. 4.)  On June 12, 2015, Plaintiff filed for injunctive relief, asking to be transferred to another facility.  (Doc. 9.)  On July 6, 2015, the Court denied Plaintiff's application to proceed *in forma pauperis* and he was ordered to pay the $400.00 filing fee in full within thirty days.  (Docs. 3, 10.)  On July 10, 2015, Plaintiff renewed his request for injunctive relief.  (Doc. 11.)  More than thirty days have passed from the order directing Plaintiff to pay the filing fee in full and he has failed to do so.

A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed *in forma pauperis*.  28 U.S.C. §§ 1914, 1915.  Though Plaintiff

1

1   submitted a completed application to proceed *in forma pauperis*, it was denied since Plaintiff had

2   more than three strikes against him and did not meet the imminent danger of serious physical

3   exception per 28 U.S.C. § 1915(g) at the time this action was filed.  (*See* Docs. 3, 10.)  Based on

4   Plaintiff's ineligibility to proceed *in forma pauperis* and his failure to comply with the Court's

5   order to pay the filing fee in full, dismissal of this action is appropriate.  *In re*

6   *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006);

7   Local Rule 110.

8           Further, Plaintiff's requests for transfer to another facility should be denied.  Federal

9   courts are courts of limited jurisdiction and in considering a request for preliminary injunctive

10  relief, the Court is bound by the requirement that as a preliminary matter, it have before it an

11  actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge*

12  *Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471

13  (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear

14  the matter in question.  *Id.*  In light of Plaintiff's failure to pay the filing fee, the Court has not

15  screened Plaintiff's Complaint and does not know whether he states cognizable claims upon

16  which to have an actual case or controversy before the Court.

17          On the other hand, the face of the motion does not appear to be within this Court's

18  authority. Plaintiff does not seek the temporary restraining order and/or preliminary injunction

19  against any of the Defendants whom he has named in this action.  Notably, the pendency of this

20  action does not give the Court jurisdiction over prison officials in general.  *Summers v. Earth*

21  *Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th

22  Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the cognizable

23  legal claims upon which this action is proceeding.  *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599

24  F.3d at 969. "A federal court may issue an injunction if it has personal jurisdiction over the parties

25  and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of*

26  *persons not before the court.*"  *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727

27  (9th Cir. 1985) (emphasis added).  Thus, Plaintiff's motion would be denied for lack of

28  jurisdiction over CSP officials and/or CDCR officials whom Plaintiff desires this Court compel

1    transfer him to another facility.  Accordingly, it is HEREBY RECOMMENDED that:

2        1.    this action be **DISMISSED** without prejudice for Plaintiff's failure to pay the

3              $400.00 filing fee; and

4        2.    that Plaintiff's motions for injunctive relief (Docs. 9, 11) be **DENIED** for lack of

5              jurisdiction.

6        These Findings and Recommendations will be submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30**

8    **days** after being served with these Findings and Recommendations, Plaintiff may file written

9    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

10   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

11   specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

12   839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

13

14   IT IS SO ORDERED.

15   Dated:   __**August 20, 2015**__            _____/s/ Jennifer L. Thurston_____
                                                 UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

3