# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY L. HILL,<br><br>                    Plaintiff,<br><br>          v.<br><br>KATAVICH, et al.,<br><br>                    Defendants. | **Case No.  1:15-cv-00631-LJO-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION FED. R. CIV. P. 60(b)(2) & (6)**<br><br>**(Doc. 23)** |

**I. Background**

Plaintiff, Tony L. Hill, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 20, 2015, the Magistrate Judge issued a Findings and Recommendations ("the F&R") to: (1) dismiss this action based on Plaintiff's failure to pay the filing fee since he is not eligible to proceed *in forma pauperis* under 28 U.S.C. §1915(g) due to having at least three strikes prior to the filing of this action and failing to show that he was in imminent danger of serious physical injury at the time he filed suit; and (2) to deny Plaintiff's requests for injunctive relief via transfer to another facility.  (Doc. 12.)  This was served on Plaintiff and contained notice that objections to the F&R were due within thirty days.  (*Id.*)  Plaintiff filed a motion in opposition to the F&R which was construed as his objection(s).  (Doc. 13.)  The Order Adopting the Findings and Recommendations found that dismissal was appropriate since Plaintiff was ineligible to proceed *in forma pauperis* and had failed to pay the filing fee.  (Doc. 18.)

On October 7, 2015, Plaintiff filed a notice of appeal that was processed to the Ninth

1

Circuit that same day.  (Docs. 20, 21.)  On October 13, 2015, Plaintiff filed a motion for reconsideration of this Court's order dismissing the action and entering judgment against Plaintiff. (Doc. 23.)  For the following reasons, the Court DENIES Plaintiff's motion for reconsideration.

## II.  Jurisdiction to Review the Motion

"Once a notice of appeal is filed, the district court is [generally] divested of jurisdiction over the matters being appealed." *See Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir.2001).  However, a district court is allowed to amend a judgment in certain situations even when a notice of appeal has been filed.  Appellate Rule 4(a)(4)(B)(i) provides:

> If a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Subsection (a)(4)(A) of that same rule identifies motions to alter or amend the judgment under Federal Rules of Civil Procedure 59 or 60 as such motions.  Since this action was resolved short of trial, Plaintiff's motion is construed as being brought under Federal Rule of Civil Procedure 60 and was timely since filed less than 28 days after judgment was entered.  Fed. R. App. P. 4(a)(4)(A)(vi).

Appellate Rule 4(a)(4)(B)(i), does not specify whether it operates when, as is the case here, a motion for reconsideration is filed after a notice of appeal is filed, but yet is timely relative to entry of judgment.  *See* Fed. R. App. P. 4(a)(4)(B)(i). The Transmittal Note to the 1993 Amendment to Appellate Rule 4(a)(4) states that a "notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before the disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."  Although the Ninth Circuit has not expressly addressed this issue, it appears to concur with the Advisory Committee's interpretation of Appellate Rule 4(a)(4).  *See Crawford v. Kingdom of Saudi Arabia*, No. CV 11–05206, 2012 WL 3638628, at *3 (N.D.Cal.Aug.22, 2012) (stating that the Ninth Circuit held appeal in abeyance pending the district court's resolution of a post-judgment motion filed after the notice of

appeal, but within the requisite 28-day limit)).

This Court concludes that it has jurisdiction to consider Plaintiff's motion for reconsideration because it placed his notice of appeal in abeyance.  *See also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir.2002) ("Under [Appellate] Rule 4(a)(4)(A), the [plaintiffs'] Rule 60(b) motion prevented the [plaintiffs'] notices of appeal from becoming effective until the district court rules on the merits of those motions.").

**III.  Plaintiff's Motion For Reconsideration**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion, Plaintiff once again asserts that, because of filing this action, he has been the target of acts of retaliation by other inmates and prison staff at their direction.  (Doc. 23.) Plaintiff does not now, nor has he ever shown that the acts he complains of in this action amount to placing him in imminent danger.  Plaintiff raises neither evidence nor law that has not previously been considered and there is no other basis upon which it would be just to relieve him from judgment that has been entered in this action.  While the retaliatory acts Plaintiff claims to be experiencing from having filed this case may constitute imminent danger under 28 U.S.C. §1915(g) for a separate proceeding, they suffice neither to resurrect, nor preserve this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the following to be supported by the record and proper analysis:  the Findings and Recommendation upon which Plaintiff was found to be ineligible to proceed *in forma pauperis* (Doc. 3) and the Order Adopting it (Doc. 10) which resulted in the requirement for Plaintiff to pay the filing fee in full; the Findings and Recommendation to dismiss the action when Plaintiff's failed to pay the filing fee (Doc. 12); and the Order Adopting it that resulted in dismissal of this action and entry of judgment.

Accordingly, Plaintiff's motion for relief from judgment, filed on October 13, 2015 (Doc. 23), is HEREBY DENIED and any objections based thereon are OVERRULED.
IT IS SO ORDERED.

Dated:   **November 18, 2015**          **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE

4