# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY HILL,<br><br>          Plaintiff,<br><br>v.<br><br>KATAVICH, et al.,<br><br>          Defendants. | Case No. 1:15-cv-00631-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION FED. R. CIV. P. 60(b)(1)**<br><br>**(Doc. 29)** |

## **BACKGROUND**

Plaintiff, Tony Hill, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 20, 2015, the Magistrate Judge issued a Findings and Recommendations ("the F&R") to: (1) dismiss this action based on Plaintiff's failure to pay the filing fee since he is not eligible to proceed *in forma pauperis* under 28 U.S.C. §1915(g) due to having at least three strikes prior to the filing of this action and failing to show that he was in imminent danger of serious physical injury at the time he filed suit; and (2) to deny Plaintiff's requests for injunctive relief via transfer to another facility. (Doc. 12.) This was served on Plaintiff and contained notice that objections to the F&R were due within thirty days. (*Id.*) Plaintiff filed a motion in opposition to the F&R which was construed as his objection(s). (Doc. 13.) The Order Adopting the Findings and Recommendations found that dismissal was appropriate since Plaintiff was

1

ineligible to proceed *in forma pauperis* and had failed to pay the filing fee. (Doc. 18.)

On October 7, 2015, Plaintiff filed a notice of appeal that was processed to the Ninth Circuit that same day. (Docs. 20, 21.) On October 13, 2015, Plaintiff filed a motion for reconsideration of this Court's order dismissing the action and entering judgment against Plaintiff which was denied. (Docs. 23, 25.) The Ninth Circuit dismissed Plaintiff's appeal on March 1, 2016 (Doc. 27), and denied Plaintiff's request to reinstate his appeal on January 19, 2017 (Doc. 28). Plaintiff filed another motion to reopen this case on October 16, 2017. (Doc. 29.) For the following reasons, Plaintiff's motion is DENIED.

## **DISCUSSION**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff's October 16, 2017 motion is untimely since filed more than a year after judgment was entered against him in this case. (*Compare* Docs. 18, 19, & 25.) Further, in his motion, Plaintiff once again asserts that, because of filing this action, he has been the target of acts of retaliation by prison staff. (Doc. 29.) Plaintiff does not now, nor has he ever shown that the acts he complains of in this action amount to placing him in imminent danger. In fact, the incidents that Plaintiff complains of in the present motion occurred in 2017. Plaintiff raises neither evidence nor law that has not previously been considered and there is no other basis upon which it would be just to relieve him from judgment that has been entered in this action. As stated in the order denying Plaintiff's previous motion for reconsideration, while the retaliatory acts Plaintiff claims to be experiencing from having filed this case may constitute imminent danger under 28 U.S.C. §1915(g) for a separate proceeding, they suffice neither to resurrect, nor preserve this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the following to be supported by the record and proper analysis: the Findings and Recommendation upon which Plaintiff was found to be ineligible to proceed *in forma pauperis* (Doc. 3) and the Order Adopting it (Doc. 10) which resulted in the requirement for Plaintiff to pay the filing fee in full; the Findings and Recommendation to dismiss the action when Plaintiff's failed to pay the filing fee (Doc. 12); and the Order Adopting it that resulted in dismissal of this action and entry of judgment.

/ / /

/ / /

/ /

## **ORDER**

Accordingly, Plaintiff's motion for relief from judgment, filed on October 16, 2017 (Doc. 29), is HEREBY DENIED and any objections based thereon are OVERRULED. Further motions for reconsideration on the dismissal and judgment against Plaintiff in this action will not be entertained and will be stricken upon filing.

IT IS SO ORDERED.

Dated: **October 17, 2017**  **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE