# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATAVICH, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00631-LJO-JLT (PC)<br><br>**ORDER STRIKING PLAINTIFF'S FOURTH MOTION FOR RECONSIDERATION FED. R. CIV. P. 60(b)(1)**<br><br>**(Doc. 35)** |

## BACKGROUND

Plaintiff, Tony Hill, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 20, 2015, the Magistrate Judge issued a Findings and Recommendations ("the F&R") to: (1) dismiss this action based on Plaintiff's failure to pay the filing fee since he is not eligible to proceed *in forma pauperis* under 28 U.S.C. §1915(g) due to having at least three strikes prior to the filing of this action and failing to show that he was in imminent danger of serious physical injury at the time he filed suit; and (2) to deny Plaintiff's requests for injunctive relief via transfer to another facility. (Doc. 12.) This was served on Plaintiff and contained notice that objections were due within thirty days. (*Id.*) Plaintiff filed a motion in opposition, which was construed as his objection(s). (Doc. 13.) The Order Adopting the Findings and Recommendations found that dismissal was appropriate since Plaintiff was ineligible to proceed *in forma pauperis* and had failed to pay the filing fee. (Doc. 18.)

1

1 On October 7, 2015, Plaintiff filed a notice of appeal that was processed to the Ninth Circuit that same day.  (Docs. 20, 21.)  On October 13, 2015, Plaintiff filed a motion for reconsideration of this Court's order dismissing the action and entering judgment against Plaintiff which was denied.  (Docs. 23, 25.)  The Ninth Circuit dismissed Plaintiff's appeal on March 1, 2016 (Doc. 27), and denied Plaintiff's request to reinstate his appeal on January 19, 2017 (Doc. 28).

Plaintiff filed a second motion to reopen this case on October 16, 2017, which was denied by order that issued on October 17, 2017.  (Docs. 29, 30.)  The order that denied Plaintiff's second motion for reconsideration explicitly stated that further motions for reconsideration will not be entertained and will be summarily stricken upon filing.  (Doc. 30, p. 4.)  On October 26, 2017, Plaintiff filed a document, though titled as an affidavit, it clearly, for a third time, sought to reopen this action and was struck from the record.  (Docs. 32, 34.)  On November 29, 2017, Plaintiff filed a motion seeking to reopen this case for the fourth time.  (Doc. 35.)  As previously discussed, there is no further recourse available via this action.

### **ORDER**

Accordingly, Plaintiff's fourth motion seeking to reopen this action, filed on November 29, 2017 (Doc. 35), is HEREBY STRICKEN from the record in this action.[1]

IT IS SO ORDERED.

Dated: __**December 4, 2017**__            _____/s/ Lawrence J. O'Neill_____
                                            UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action.  The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum.  However, no further relief is available for Plaintiff via this action.